# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

PERSI WILLIAM MOSQUERA-RODRIGUEZ,

      Petitioner,

                               Case No. 8:19-cv-1640-T-02TGW

v.

                               Crim. Case No. 8:16-cr-54-T-17TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

Before the Court are Mr. Mosquera-Rodriguez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Cv. Dkt. 1) and Respondent's motion to dismiss the motion to vacate as time-barred (Cv. Dkt. 5). Mr. Mosquera-Rodriguez did not reply. Upon consideration, it is **ORDERED** that Respondent's motion is **GRANTED** and Mr. Mosquera-Rodriguez's motion to vacate is **DISMISSED as time-barred**:

On June 22, 2016, Mr. Mosquera-Rodriguez pleaded guilty to conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii). (Cr. Dkt. 40). On December 14, 2016, he was sentenced to 135 months in prison, followed by five years of supervised release. (Cr. Dkts. 77, 80). Mr. Mosquera-Rodriguez did not appeal.

The Antiterrorism and Effective Death Penalty Act established a mandatory, one-year period of limitations for § 2255 motions. This period runs from "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). Judgment was entered against Mr. Mosquera-Rodriguez on December 14, 2016. (Cr Dkt. 80). His judgment became final upon

expiration of the 14-day period for filing a notice of appeal on December 28, 2016. *See* Fed. R. App. P. 4(b)(1). Mr. Mosquera-Rodriguez had until one year later, December 28, 2017, to file a motion for collateral relief. 28 U.S.C. § 2255(f)(1). Because Mr. Mosquera-Rodriguez's § 2255 motion is dated July 1, 2019, more than one year after the judgment became final, it is time-barred.

Mr. Mosquera-Rodriguez concedes that his motion is time-bared. In asking that the Court consider the motion despite its untimeliness, he appears to claim that he did not know when to file the motion because he did not have counsel. To the extent Mr. Mosquera-Rodriguez may assert entitlement to equitable tolling, his claim fails. The United States Supreme Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]" *Johnson v. United States*, 544 U.S. 295, 311 (2005); *see also Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) ("[W]e have not accepted a lack of legal education as an excuse for a failure to file in a timely fashion."); *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (stating that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.").

Mr. Mosquera-Rodriguez also claims that his counsel promised him "he was going to file some paper work to have a sentencing reduction but he never did[.]" (Cv. Dkt. 1, p. 3). He states that counsel promised "that the prosecutor was going to reduce [his] sentence because al [sic] [his] cooperation with the government" and that "is ben [sic] more than one year of this motion to file[.]" (Cv. Dkt. 1, p. 4). The Court liberally interprets these statements as alleging entitlement to equitable tolling on the basis that counsel misled Mr. Mosquera-Rodriguez to believe that his sentence would be amended. To justify equitable tolling, Mr. Mosquera-Rodriguez must "show[ ] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim that counsel deceived a petitioner can be relevant to equitable tolling. *See, e.g., Kicklighter v. United States*, 281 F. App'x 926, 930-31 (11th Cir. 2008) (stating that an allegation that counsel misled the petitioner about an appeal while the statute of limitations was running raised equitable tolling issues). But even if Mr. Mosquera-Rodriguez could establish that extraordinary circumstances existed, he fails to show that he exercised diligence so as to justify equitable tolling. Mr. Mosquera-Rodriguez has not stated, for instance, that he attempted to contact counsel or ascertain the status of his case. Nor has he identified any other any effort he made to diligently pursue the timely filing of his motion to vacate. Accordingly, Mr. Mosquera-Rodriguez has not demonstrated that equitable tolling is warranted in this case.

It is therefore **ORDERED** that:

1.     The Government's motion to dismiss (Cv. Dkt. 5) is **GRANTED**, and Mr. Mosquera-Rodriguez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Cv. Dkt. 1) is **DISMISSED as time-barred**.

2.     The **CLERK** is directed to enter judgment against Mr. Mosquera-Rodriguez, terminate all pending motions in this case, close this case, and terminate from pending status the § 2255 motion (Cr. Dkt. 90) filed in the corresponding criminal case, 8:16-cr-54-T-17TGW.

3.     Mr. Mosquera-Rodriguez is not entitled to a certificate of appealability. A prisoner moving to vacate his sentence has no absolute entitlement to appeal a district court's final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1). A court must first issue a certificate of appealability. *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Mr. Mosquera-Rodriguez must show that reasonable jurists would find

debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because the motion is clearly time-barred, Mr. Mosquera-Rodriguez cannot meet the second prong of the *Slack* test. As Mr. Mosquera-Rodriguez is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _____ 9/13 _____, 2019.

WILLIAM F. JUNG
United States District Judge

Copies to:
Persi William Mosquera-Rodriguez
Counsel of Record

4